United States District Court
Southern District of Texas
**ENTERED**
January 12, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| MARCOS DE PAYAN, et al § <br> Plaintiffs § <br> § <br> § Civil Action No. 1:22-cv-145 <br> v. § <br> § <br> § <br> BROWNSVILLE COMMUNITY § <br> HEALTH CLINIC CORP., § <br> Defendant § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court is in receipt of the United States of America's Notice of Substitution and Motion to Dismiss ("Motion" or "Motion to Dismiss"). Dkt. Nos. 3, 4. For the reasons provided below, it is recommended that the Court: 1) **SUBSTITUTE** the United States of America as the defendant for Plaintiffs Marcos De Payan, Marcos De Payan, Jr., Martha Maria Payan, and Roxana Martinez's claims originally asserted against Defendant Brownsville Community Health Clinic Corp; (2) **GRANT** the United States of America's Motion to Dismiss; (3) **DISMISS** all of Plaintiffs' claims; and 4) **DIRECT** the Clerk of Court to **CLOSE** this case.

**I.     Jurisdiction**

The Court has federal question subject matter jurisdiction over this civil action because Plaintiffs have alleged violations under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA"). *See* Dkt. No. 1; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## II. Procedural History

On July 20, 2022, Plaintiffs filed suit against the Brownsville Community Health Clinic Corp. (hereinafter, "BCHCC"), in the 404th Judicial District Court for Cameron County, Texas (Cause No. 2022-DCL-03523/66482761). *See* Dkt. No. 1-1. Plaintiffs allege that on or about July 20, 2020, Luz H. Santos De Payan ("decedent") and her husband, Marcos Santos De Payan ("Mr. De Payan") arrived at BCHCC. *Id.* at 7. Plaintiffs assert while Mr. De Payan was helping decedent into the facility, a BCHCC employee prevented him from accompanying her. *Id.* Plaintiffs contend that, subsequently, as decedent was walking on her own, she fell and sustained injuries that directly led to her death. *Id.* at 7-8.

On October 20, 2022, BCHCC removed the case to the Southern District of Texas Brownsville Division pursuant to the Federally Supported Health Centers Act, 42 U.S.C. § 233, *et seq.* ("FSHCAA"). Dkt. No. 1. Under the Public Health Service Act, 42 U.S.C. § 233(a), on November 10, 2022, the United States of America (hereinafter, the "Government" or "United States") filed a Notice of Substitution, certifying that at all relevant times BCHCC was acting as a covered entity of the Public Health Service ("PHS") and seeking to substitute the United States in place of BCHCC as the party defendant. Dkt. No. 3. The Government also filed a Motion to Dismiss for failure to exhaust administrative remedies under the FTCA. Dkt. No. 4. Plaintiffs have not responded to the Government's Motion to Dismiss.

### III. Legal Standards

**A. Federal Rule of Civil Procedure 12(b)(1)**

Federal courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court, then, must dismiss an action once it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Motions brought under Federal Rule of Civil Procedure 12(b)(1) "allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted). "The party asserting jurisdiction 'constantly bears the burden of proof that jurisdiction does in fact exist.'" *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017) (citing *Ramming*, 281 F.3d at 161). "When ruling on the motion, the district court may rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts. The motion should be granted only if it appears certain the plaintiff cannot prove any set of facts that would entitle her to recovery." *Morris*, 852 F.3d at 419 (internal citations omitted)

**B. FTCA Sovereign Immunity**

The FTCA "grants a limited waiver of sovereign immunity and allows tort claims against the United States." *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013). The statute allows tort actions to be brought against the United States, however, only after a plaintiff has "presented the claim to the appropriate Federal agency and his claim [has been] finally denied by the agency." 28 U.S.C.A. § 2675(a). This presentment "requirement is a prerequisite to suit under the FTCA." *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). Further, "[t]he requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the

FTCA." *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981); *see also Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013) (internal citation omitted).

## IV.    Discussion

### A. Notice of Substitution

The Government has properly substituted itself as the defendant in this case, pursuant to its Notice of Substitution. Dkt. No. 3. Title 42 U.S.C. 233(g) provides:

> The remedy against the United States for an entity described in paragraph (4) and any officer, governing board member, employee, or contractor . . . of such an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a).

42 U.S.C. 233(g)(1)(A). Further, "[t]he Secretary of an application under subparagraph (D) shall make a determination of whether an entity or an officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section." 42 U.S.C. § 233(g)(1)(E).

The Government provides a certification signed by the United States Attorney for the Southern District of Texas stating that BCHCC "was at all pertinent times to this suit acting as a covered entity of the [PHS], under applicable provisions of the [FSHCAA]."[1] Dkt. No. 1-2. This certification is *prima facie* evidence that the BCHCC should be deemed to be an employee of the PHS. *See Williams v. Brooks*, 862 F. Supp 151, 152 (S.D. Tex. 1994). If Plaintiffs dispute the certification, they "must come forward with specific facts" in opposition. *Id*. (citations omitted). Plaintiffs do not contest the certification.

---

[1] The Attorney General has delegated his "authority to certify . . . to the United States Attorney for each district." 28 C.F.R. 15.4.

4

Accordingly, the Government should be substituted as the defendant for Plaintiffs' FTCA claims originally brought against BCHCC.

### B. Exhaustion of FTCA Claims

The Government argues that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction because they failed to exhaust administrative remedies under the FTCA. The Government claims that Plaintiffs failed to allege that they exhausted their administrative remedies prior to filing suit, and according to U.S. Department of Health and Human Services records, it was not until almost two months after Plaintiffs filed suit that they first submitted an administrative tort claim regarding the subject incident, which claim has not yet been resolved. Dkt No. 4 at 5. Plaintiffs have not responded to the Government's arguments related to their failure to exhaust administrative remedies pursuant to the FTCA.

As previously stated, under the FTCA, the federal government "grants a limited waiver of sovereign immunity and allows tort claims against the United States." *Willoughby*, 730 F.3d at 479. However, the FTCA only permits a tort action brought against the United States after a plaintiff has "presented the claim to the appropriate Federal agency and his claim [has been] finally denied by the agency." 28 U.S.C.A. § 2675(a).

Defendants cite to exhibits of database records and a declaration in accordance with 28 U.S.C. § 1746 from Leslie Page-Taylor, a Senior Attorney with the Public Health Division. Dkt. Nos. 4-1, 4-2. Ms. Page-Taylor states that she has access to the Department of Health and Human Services' database, which contains official records of administrative tort claims filed under the FTCA. Dkt. No. 4-1 at ¶ 2. Ms. Taylor certifies that she has searched the database and located only one administrative tort claim filed on behalf of

5

Plaintiff Marcos Santos De Payan as representative of the decedent's estate, relating to the medical care provided by BCHCC. *Id.* at ¶ 4. However, a review of the related documents shows that this claim was not filed until September 8, 2022, and to date, no final disposition has been made. *Id.*

Plaintiffs do not respond to the Governments' allegations that they did not present an administrative tort claim prior to bringing their FTCA claim, nor do they raise any arguments relating to the exhaustion of administrative remedies. In addition, a review of the Complaint provides no factual basis to support a finding that this Court otherwise has jurisdiction of Plaintiffs' claims. Therefore, the Court should grant the Government's Motion to Dismiss as it lacks subject matter jurisdiction over Plaintiffs' claims.

## V.     Recommendation

For the foregoing reasons, it is recommended that the Court: 1) **SUBSTITUTE** the United States of America as the defendant for Plaintiffs Marcos De Payan, Marcos De Payan, Jr., Martha Maria Payan, and Roxana Martinez's FTCA claims originally asserted against Defendant Brownsville Community Health Clinic Corp; (2) **GRANT** Defendant's Motion to Dismiss, Dkt. No. 4; (3) **DISMISS** all of Plaintiffs' claims; and 4) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI.     Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

6

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **12th** day of **January, 2023,** at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**